UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-283-DMG (AFMx) | Date | March 16, 2023 |
| Title | *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff Dr. Sanjiv Goel M.D., Inc. ("Goel")'s Motion to Remand ("MTR"). [Doc. # 12.] Defendant United HealthCare Services, Inc. ("United") filed a timely Opposition ("Opp."), but Goel's late-filed Reply was not considered by the Court.[1] [Doc. ## 15, 16.] Having duly considered the parties' arguments, the Court **GRANTS** the MTR.

## I.
## PROCEDURAL AND FACTUAL BACKGROUND

On September 19, 2022, Goel filed an action against United in the County of Ventura Superior Court, Case No. 56-2022-570308-CU-BC-VTA, alleging claims of breach of implied-in-law contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, quantum meruit, estoppel, Unfair Business Practices in violation of California's Unfair Competition Law ("UCL"), and declaratory relief. *See* Ntc. of Removal, Ex. A (Complaint) at 4–22 [Doc. # 1-1].[2]  United was served on December 16, 2022, and timely removed the case to this Court on January 13, 2023. Ntc. of Removal ¶ 2 [Doc. # 1].

Goel moved to remand on February 12, 2023, claiming that title 28 U.S.C. section 1332's amount-in-controversy requirement was not met because despite alleging $221,575.41 in actual damages, its Complaint specified in its prayer for relief that it would not seek more than $75,000. MTR at 1–2, 6; Compl. ¶ 3.  The parties do not dispute that complete diversity of citizenship exists.  *See* Decl. of Kelly O'Rourke in Support of Ds.' Ntc. of Removal ¶ 2 [Doc. # 1-2]; Compl. ¶ 5.

---

[1] *See* C.D. Cal. L.Rs. 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."), 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

[2] All page references herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 23-283-DMG (AFMx) | Date | March 16, 2023 |
| Title | *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc., et al.* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction" such that there is a "strong presumption" against such jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

## III.
## DISCUSSION

**A.      Motion to Remand**

Goel's complaint alleges that "[t]he aggregate amount of [Defendant]'s underpayments amounts to no less than $221,575.41, increasing by the day, plus applicable interest at 15 percent per annum, and any applicable penalties and fees. While Plaintiff realizes its total damages exceed $75,000, Plaintiff has agreed to limit its total amount in controversy to less than $75,000." Compl. ¶ 3.

In its Opposition, United argues that it has met its burden for removal because Goel did not actually agree to limit its damages to $75,000 or less, that the complaint admits a larger amount of actual damages, and that Goel's claim that it will limit the amount-in-controversy was not made in good faith. Opp. at 8.

Notwithstanding United's arguments, there is nothing improper about a plaintiff "resort[ing] to the expedient of suing for less than the jurisdictional amount" to avoid removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). But to do so properly, the plaintiff must submit a "legally binding" stipulation that it will only seek an amount below the jurisdictional minimum (inclusive of attorney's fees and the cost of any requested declaratory and injunctive relief). *See Patel v. Nike Retail Svcs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013)

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-283-DMG (AFMx) | Date | March 16, 2023 |
| Title | *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc., et al.* | Page | 3 of 4 |

(internal citation omitted)); *see also* 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1 (4th ed. 2011) (federal court, as condition for remand, can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount.").

Since Goel has stated in its Prayer that it will not seek more than $75,000, and repeated that assertion in its Motion to Remand, the Court construes that assertion as a "legally binding" equivalent to such a stipulation. Any effort to renege on that assertion would subject Goel to judicial estoppel, an equitable doctrine that precludes a party from gaining an advantage by asserting one position and then later taking a clearly inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). In applying the doctrine of judicial estoppel to a clearly inconsistent litigation position, courts also inquire whether the party previously persuaded a court to accept that party's earlier position, and whether the party seeking to assert an inconsistent position would derive an unfair advantage on the opposing party if not estopped. *Id.*; *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998). Here, this Court is accepting Goel's representation that it will not seek damages that put the amount-in-controversy over $75,000 and relies on that position in reaching its conclusion.

United has not provided evidence in its Notice of Removal or its Opposition that the actual amount-in-controversy that Goel plans to seek exceeds $75,000, nor has it substantiated its claims of bad faith. Opp. at 12–13. Unlike in Goel's prior case referenced by United, Goel's complaint is clear on its face—at the time jurisdiction was invoked—that Goel does not plan to seek any more than $75,000. *Id.* at 13 (citing *Goel M.D., Inc. v. Aetha Health of California, Inc., et al.*, No. CV 20-9706-JAK (Ex) (C.D. Cal. Jan. 10, 2023), Doc. # 52); *see also Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989).

The Court therefore concludes that United has not met its burden to show, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000.

B.  **Attorney's Fees**

Goel also requests an award of $10,312.50 in attorney's fees under section 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); MTR at 7. Generally, fees should be denied unless the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-283-DMG (AFMx) | Date | March 16, 2023 |
| Title | *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc., et al.* | Page | 4 of 4 |

    Here, United had an objectively reasonable basis for removal based on the factual allegations describing an amount greater than the statutory $75,000 minimum for diversity jurisdiction. Accordingly, the Court declines to award fees.

    The Court notes, however, that Goel's Prayer for Relief states it will seek "attorneys' fees if and to the extent permitted by law." Compl. at 21. To the extent Goel plans to seek attorneys' fees pursuant to the California Code Civil Procedure section 1021.5, it is also reminded that statutory attorney fees awards count towards the amount-in-controversy. *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). If Goel's attorneys bill $10,000 on a single procedural motion, their fees may soon significantly diminish its possible damages if it wishes to remain in state court. If Goel changes its tune during the state court proceedings and anything in the record indicates that the amount-in-controversy in fact exceeds the $75,000 threshold, the Court will not hesitate to consider such evidence either as evidence that the case has become removable, 28 U.S.C. § 1446(b)(3), Goel acted in bad faith, *id.* § 1446(c), or Goel should be estopped from claiming any additional damages it seeks.

### IV.
### CONCLUSION

    In light of the foregoing, Plaintiff's MTR is **GRANTED**. The March 17, 2023 hearing is **VACATED**.

**IT IS SO ORDERED**.